IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

**TROY ALLEN EASTON**,                          Civ. No. 6:14-cv-01538-CL

Plaintiff,

**ORDER**

v.

**COMMISSIONER, SOCIAL SECURITY ADMINISTRATION**,

Defendant.

CLARKE, Magistrate Judge.

Plaintiff Troy Allen Easton ("Plaintiff") moves the Court for an award of $4,861.03 in attorney's fees under the Equal Access Justice Act ("EAJA"), 28 U.S.C. § 2412(d). Defendant Social Security Administration Commissioner ("Defendant") does not object to this request. Having independently reviewed Plaintiff's fee petition, the Court GRANTS his motion.

## BACKGROUND

On September 26, 2014, Plaintiff filed a Complaint (#1) to obtain judicial review of Defendant's final decision denying his application for Social Security disability benefits. On

Page 1 – ORDER

December 2, 2015, this Court remanded (#28) Plaintiff's case for further proceedings. On March 7, 2016, Plaintiff filed his unopposed motion for EAJA fees (#30).

## LEGAL STANDARD

A prevailing party in an action against the United States is entitled to an award of attorney's fees and costs under the EAJA unless the government demonstrates that its position in the litigation was "substantially justified" or that "special circumstances make an award unjust." 28 U.S.C. § 2412(d)(1)(A). An EAJA fee award must be reasonable. *Sorenson v. Mink*, 239 F.3d 1140, 1145 (9th Cir. 2001). In determining whether a fee is reasonable, the Court considers the hours expended, the reasonableness of the hourly rate charged, and the results obtained. *Hensley v. Eckerhart*, 461 U.S. 424, 434 (1983); *Atkins v. Apfel*, 154 F.3d 986, 988 (9th Cir. 1998) (applying *Hensley* to cases involving the EAJA). If the requested fees are not shown to be reasonable, then the Court may reduce the award. *See Hensley*, 461 U.S. at 433; *Atkins*, 154 F.3d at 988.

## DISCUSSION

It is undisputed that Plaintiff is a prevailing party. *Gutierrez v. Barnhart*, 274 F.3d 1255, 1257 (9th Cir. 2001) ("An applicant for disability benefits becomes a prevailing party for the purposes of the EAJA if the denial of her benefits is reversed and remanded regardless of whether disability benefits ultimately are awarded."). The Commission has not demonstrated that its position in denying Plaintiff's application was "substantially justified" or that special circumstances render the requested award unjust. Having reviewed the unopposed motion, the Court finds Plaintiff's petition is proper and the amount requested is reasonable. Accordingly, Plaintiff's application (#30) for $4,861.03 in EAJA fees is GRANTED.

Plaintiff assigned any EAJA fees to his attorney. Pl.'s Mot, Ex. A. Therefore, the amount of this award shall be paid to Plaintiff's attorney upon verification that Plaintiff has no debt, which qualifies for offset against the award, pursuant to the Treasury Offset Program. *See Astrue v. Ratliff*, 560 U.S. 586, 589 (2010). Plaintiff's attorney's mailing address is as follows:

> Harder, Wells, Baron, & Manning, P.C.
> 474 Willamette Street
> Eugene, OR 97401

It is so ORDERED and DATED this 23 day of March 2016.

MARK D. CLARKE
United States Magistrate Judge